UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHAS HARPER )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DICK BROWN, )<br>)<br>Respondent. ) | Cause No. 2:14-cv-0306-WTL-MJD |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Because Chas Harper, a state prisoner, has not met this burden, his petition for writ of habeas corpus must be **denied** and this action **dismissed with prejudice.** In addition, the court finds that a certificate of appealability should not issue.[1]

---

[1] Harper has not previously paid the filing fee. His request to proceed *in forma pauperis* [dkt 19] is **granted**. This ruling pertains solely to the filing fee.

Harper's motion to appoint counsel [dkt 18] is **denied** because he has adequately argued the procedural and substantive features of his claims and it is not in the interests of justice that counsel be appointed for him at this late chapter in the case. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); *see also Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997)(a decision evidences an abuse of discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side.").

# I. Background

Harper was convicted in the Jennings Circuit Court in 2008 of *dealing in methamphetamine* as a Class A felony, of *dealing in a narcotic* as a Class B felony, and of *receiving stolen property* as a Class D felony. Harper's sentence was enhanced to an aggregate of 72 years because of an habitual offender adjudication. His convictions were affirmed on appeal in *Harper v. State*, No. 40A01-0808-CR-361 (Ind.Ct.App. Apr. 28, 2009). The denial of his petition for post-conviction relief was affirmed in part and remanded in part in *Harper v. State*, No. 40A01-1307-PC-286 (Ind.Ct.App. Apr. 16, 2014). The point on which the Court of Appeals remanded was for the issuance of an amended sentencing order to show that the habitual offender sentence was an enhancement of the Class A felony sentence, rather than a separate sentence.

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1); *Daniels v. Knight,* 476 F.3d 426, 434 (7th Cir. 2007). No showing of such a nature has been made here. The pertinent facts were summarized as follows:

> On October 15, 2007, Officer Jason Allen of the North Vernon Police Department arrested Matt Mullins for attempting to steal lithium batteries from Walmart. After his arrest, Mullins told Officer Allen that he did not want to go to jail and that he had seen drugs that afternoon at Harper's home. Mullins then told Officer Allen how to get to the home and what kind of car was parked outside the home, and he drew a general map of the inside of the home.
>
> Based on that information, Officer Allen obtained a warrant to search Harper's home. With other officers, Officer Allen executed the search warrant on October 15. In the search, the officers found Harper's wife, Jennifer, in the bathroom. She said she had just returned from Texas and had not seen Harper since October 11. In the bar of a towel rack within reach of the toilet, the officers found a pen, an empty pen barrel, "aluminum foil with residue[,]" and a lighter. [footnote omitted] Transcript at 229.
>
> The back bedroom of the house contained identification cards for Harper. In the same room, officers found a ladies' hand mirror with a white powdery residue that tested positive for methamphetamine and a lockbox or fire safe, about the size of a

> laptop computer, partially under the bed. The lockbox contained a firearm in a black holster, a bag of "a crystal-like substance," two sandwich bags containing a total of twenty foil bindles, and a camouflage-colored scale. *Id.* at 232. Field-testing showed that the crystal-like substance contained methamphetamine, and subsequent testing revealed that it had a net weight of 109.9 grams. Testing showed that the foil bindles contained heroin and the net weight of the bags were .18 grams and .43 grams respectively.
>
> In the living room of the home, officers found a monitor below the television. The monitor was connected to a video surveillance camera that was mounted on the outside of the home. On the monitor the officers could see a live transmission from the camera of anyone coming to and going from the home.
>
> . . . .
>
> At trial, Officer Allen testified that the amount of methamphetamine found in the lockbox was enough for approximately 400 individual uses and was worth over $10,000. He also testified that the foil bindles of heroin found in that lockbox had a value between $200 and $300. Based on the amount of drugs found, Officer Allen testified that the drugs were most likely for sale, not for personal use.

*Harper v. State*, No. 40A01-0808-CR-361, at pp. 2-3. The claims presented in Harper's direct appeal were: 1) the evidence was insufficient to show that Harper possessed methamphetamine, heroin, and the firearm; 2) the trial court improperly admitted prior bad act evidence; 3) evidence seized pursuant to a search warrant was not properly admitted because the affidavit of probable cause was improperly filed and failed to state facts sufficient to constitute probable cause; and 4) Harper's sentence was excessive. The Indiana Court of Appeals rejected the first three claims on their merits and found that the fourth claim had been waived. *Id.* at p. 9 ("Implicitly conceding waiver, Harper contends that admission of this evidence was fundamental error."). Harper sought transfer, arguing the sufficiency of the evidence and the sentence. The petition for transfer was denied.

Harper asserted in his petition for post-conviction relief that (1) trial counsel was ineffective for failing to object to the admission of evidence seized pursuant to a search warrant based on an insufficient, uncorroborated affidavit lacking in good faith, and (2) appellate counsel

was ineffective for failing to properly argue that Harper's sentence was inappropriate. The Indiana Court of Appeals rejected these claims, explaining that (1) trial counsel was effective because challenging the warrant would have been unsuccessful because the officer's relied on good faith on the search warrant, and (2) appellate counsel was not ineffective.

Harper's claims in the present action for habeas corpus relief are that: 1) trial counsel was ineffective for failing to move to suppress evidence discovered pursuant to a search warrant that was not based on probable cause; 2) the trial court improperly admitted character or prior bad act evidence in violation of Indiana Rule of Evidence 404(b); and 3) appellate counsel was ineffective for failing to present a cogent argument challenging Harper's sentence as inappropriate under Indiana Appellate Rule 7(b) and to challenge improper aggravating factors found by the trial court.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Harper filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

"Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted).

### III. Discussion

Harper's second ground for relief, that the trial court improperly admitted evidence, was included in his direct appeal. "[A] federal habeas court has nothing whatsoever to do with reviewing a state court ruling on the admissibility of evidence under state law. State evidentiary law simply has no effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law itself violates the Constitution." *Pemberton v. Collins,* 991 F.2d 1218, 1223 (5th Cir. 1993). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson v. Corcoran,* 131 S. Ct. 13, 14 (2010).

"To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)). If treated simply as a challenge to the trial court's evidentiary ruling, this claim is simply not cognizable under § 2254(a). As the Supreme Court has clearly stated, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011).

Additionally, the respondent is correct that Harper has committed procedural default with respect to this claim. When a petitioner fails to raise his federal claims in compliance with the relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review. *Cone v. Bell,* 129 S. Ct. 1769, 1780 (2009) (internal citations omitted). "A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time—as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review." *Szabo v. Walls,* 313 F.3d 392, 395 (7th Cir. 2002) (citations omitted).

Here, because trial counsel did not object to the evidence Harper claimed was admitted in violation of the *Indiana Rules of Evidence*, the Indiana Court of Appeals deemed the claim waived and only addressed the claim in the context of fundamental error. *Harper v. State*, No. 40A01-0808-CR-361, at p. 9. *See Richardson v. Lemke*, 745 F.3d 258, 267 (7th Cir. 2014). This is treated as an independent and adequate state law ground that is both independent of the federal question and adequate to support the judgment. *See Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010); *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993).

"A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster*, 2015 WL 2088974, *3 (7th Cir. May 6, 2015)(internal citations omitted). Harper has not shown the existence of circumstances which would permit him to overcome the consequence of his procedural default as to the second claim in his petition for writ of habeas corpus.

Harper's remaining habeas claims are that he was denied the effective assistance of counsel. The Indiana Court of Appeals considered these claims and rejected them on their merits.

The first step under § 2254(d)(1) is "to identify the 'clearly established Federal law, as determined by the Supreme Court of the United States' that governs the habeas petitioner's claims." *Marshall v. Rodgers,* 133 S. Ct. 1446, 1449 (2013) (citing *Williams v. Taylor,* 529 U.S. 363, 412 (2000); *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

*Strickland v. Washington,* 466 U.S. 668 (1984), provides the clearly established Federal law, as determined by the Supreme Court of the United States that governs Harper's ineffective assistance of counsel claims.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014)(parallel citations omitted).

The foregoing outlines the straightforward features of *Strickland's* two-prong test. In the context of the claims that Harper presents, however, AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted).

When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable--a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

The Indiana Court of Appeals properly recognized the two-prong *Strickland* test. *Harper v. State*, No. 40A01-1307-PC-286, at pp. 7-8. The Indiana Court of Appeals noted that to prevail on an ineffective assistance of counsel claim based on the failure to file a motion requires that the defendant demonstrate that such motion would have been successful, *id.* at p. 8, reviewed the information submitted to the magistrate who issued the search warrant, concluded that although the informant here was not reliable the officers seeking and executing the search warrant could have relied on the warrant application and the warrant in good faith. *Id.* at pp. 10-12. The Indiana

Court of Appeals then explained that a motion to suppress would not have been granted because of the good faith exception to the warrant requirement established in *United States v. Leon,* 468 U.S. 897 (1984). This, as it happens, was precisely the opinion of Harper's trial counsel in contemplating the probable fate of a motion to suppress and therefore opting to forego the effort. But for AEDPA purposes, it suffices that this was a reasonable application of *Strickland,* as many cases demonstrate. *See, e.g., Freeman v. Attorney Gen.,* 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . ."); *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success."); *Stone v. Farley,* 86 F.3d 712, 717 (7th Cir. 1996)("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

Harper also seeks habeas relief based on a claim of ineffective assistance of counsel in his direct appeal. Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel established in *Strickland. Howard v. Gramley,* 225 F.3d 784, 789–90 (7th Cir. 2000). A petitioner who contends that appellate counsel rendered ineffective assistance of counsel must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced petitioner in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *Id.* at 790. The Indiana Court of Appeals focused its analysis on the question of prejudice, first acknowledging Harper's contention that he could have been convincingly portrayed as "a non-violent offender suffering from a drug addiction" to support an argument that his sentence was inappropriate in light of the nature of the offense and character of the offender, which is the

standard for revision of a sentence under Rule 7(B) of the Indiana Rules of Appellate Procedure, but examined the pertinent circumstances and concluded otherwise. Its review "show[ed] that Harper is a drug dealer with a violent past. Harper has felony convictions for dealing marijuana, burglary, theft, and battery on a minor. He possessed over thirty times the amount of methamphetamine required to be convicted of possession with intent to deal. Inside his trailer were a stolen handgun and a video monitoring system. Nothing about Harper's character or the nature of the offense suggests that he should be viewed as an addict rather than a drug dealer. Accordingly, though [appellate counsel's] performance may have been deficient, Harper has not shown that he was prejudiced. . . ." *Harper v. State*, No. 40A01-1307-PC-286, at pp.14-15.

Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Harper's claims of ineffective assistance of counsel at trial and in his direct appeal do not support the award of habeas corpus relief. *Atkins v. Zenk*, 2012 667 F.3d 939, 943-44 (7th Cir. 2012) ("Plainly stated, these are demanding standards. This Court has recognized that federal courts should deny a habeas corpus petition so long as the state court took the constitutional standard 'seriously and produce[d] an answer within the range of defensible positions.'")(quoting *Mendiola v. Schomig,* 224 F.3d 589, 591–92 (7th Cir. 2000)).

### IV. Conclusion

Federal habeas relief is barred for any claim adjudicated on the merits in state court "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore,* 131 S. Ct. 733, 739 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In short, the standard of § 2254(d) is "difficult to meet . . . because it was meant to

be." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013) (internal quotation marks omitted); *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). Harper's habeas petition does not present such a situation and that petition is therefore **denied.**

Judgment consistent with this Entry shall now issue.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Harper has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 5/26/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Chas J. Harper
DOC #953608
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only

Electronically registered counsel