UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHAS HARPER | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) |
| | ) Cause No. 2:14-cv-0306-WTL-MJD |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Motion to Reconsider**

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). In *Obriecht v. Raemisch,* 517 F.3d 489, 493–94 (7th Cir. 2008), the Court of Appeals declared that district courts should analyze postjudgment motions based on their substance: "whether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." Based on the timing and content of his post-judgment motion to reconsider, habeas petitioner Chas Harper, a state prisoner, has opted for the Rule 59(e) route with respect to the final judgment entered on the clerk's docket on May 26, 2015.

A Rule 59(e) motion must be filed within 28 calendar days from the entry of judgment on the clerk's docket. No extension of time for the filing of such a motion is permitted. *See Winston Network, Inc. v. Indiana Harbor Belt R. Co.,* 944 F.2d 1351, 1362 (7th Cir. 1991); *Vukadinovich v. McCarthy,* 901 F.2d 1439, 1445 (7th Cir. 1990).

The Court denied Harper's bid for habeas relief based on its findings that the state courts' resolution of Harper's claims did not satisfy the stringent standard of 28 U.S.C. § 2254(d). *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Harper seeks reconsideration, arguing that this court erred in its analysis under *Strickland v. Washington*, 466 U.S. 668 (1984).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 954 (7th Cir. 2013) (citation omitted). A manifest error of law under Rule 59(e) means the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Anderson v. Catholic Bishop of Chicago,* 759 F.3d 645, 653 (7th Cir. 2014) (citation omitted).

There was in this case no manifest error of law or fact. "[T]he petitioner bears the burden of proving his habeas claim," *Quintana v. Chandler,* 723 F.3d 849, 854 (7th Cir. 2013). He failed to meet that burden. The Court did not misapprehend the petitioner's claims, nor did it misapply the law to those claims in light of the underlying record in finding that the petitioner was not entitled to relief pursuant to 28 U.S.C. § 2254(a). His motion to reconsider, in fact, misstates the standard this court was compelled to employ under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). That is, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the

claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). As one court has explained, it is his court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone,* 967 F.Supp. 152, 156 (E.D.Va. 1997). And in conducting that analysis, there was not error. Accordingly, the motion to reconsider, treated as a motion alter or amend judgment [dkt 22], is **denied**.

    IT IS SO ORDERED.

Date: 6/8/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Chas J. Harper
DOC #953608
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only

Electronically registered counsel